**Jere R. YOUNG, Plaintiff/Appellant,**

v.

**Ramona L. KITTRELL,
Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 7, 1992.

Permission to Appeal Denied by
Supreme Court May 4, 1992.

Gary D. Copas, Lebanon, for plaintiff/appellant.

Jacky O. Bellar, Carthage, for defendant/appellee.

## OPINION

CANTRELL, Judge.

This appeal is from the dismissal on the pleadings of appellant's action against his former wife for contribution. The claim arose out of payments he made in settlement of judgments which he alleges were joint liabilities. The only ground the trial court stated for the dismissal was lack of jurisdiction. We reverse the decision of the trial court and remand the cause to the Circuit Court of Smith County for further proceedings.

### I. Facts and Procedural History

The parties were divorced by a decree of the Circuit Court of Smith County, entered

October 12, 1984. The divorce decree provides that "all debts for which the parties are jointly liable shall remain joint debts." Prior to the divorce, at all times relevant to this case, appellant was president and appellee was treasurer of Jere Young Chrysler–Plymouth, Inc. In 1980 the corporation executed a note for which both parties gave their personal guaranties. The corporation defaulted on the note, and on March 8, 1988, the United States Small Business Administration filed an action against the guarantors in the United States District Court for the Middle District of Tennessee, for judgment on the remaining balance plus interest. Ramona L. Young Kittrell reached a compromise settlement and was dismissed with prejudice from that case by virtue of a stipulation of dismissal, filed February 28, 1989. The complaint in the instant case alleges that Ms. Kittrell paid $5,000 as consideration for the dismissal.[1] On April 21, 1989, judgment was entered against Mr. Young. On September 26, 1989, Mr. Young was released from the judgment lien pursuant to a compromise settlement. The complaint in the instant case alleges that he paid $40,833.02 as consideration for this release.

In an earlier action in the same federal district court, based on a different note and guaranty, judgment was entered against Jere Young Chrysler–Plymouth, Inc., Jere R. Young and Ramona R. [sic] Young on August 14, 1984. The complaint in the instant case alleges that, on September 15, 1986, Mr. Young paid $5,000 as the consideration for settling that joint liability of the parties.

Appellant filed this suit on May 1, 1990, in the Circuit Court of Smith County. He seeks a judgment requiring appellee to pay contribution in an amount equal to one-half of the sums he individually paid to settle these two judgments, plus one-half of the attorneys' fees he incurred in the process.

Appellee filed a motion to dismiss, asserting three grounds: (1) the complaint fails to state a cause of action; (2) any action

against her should have been filed in the original divorce action; and (3) the only way plaintiff could properly seek contribution from his co-guarantor would be to file cross-claims in the federal court suits.

After a hearing on appellee's motion, the trial court dismissed the case on the ground that it lacked jurisdiction to hear the claim.

## II. Jurisdiction

■ "Jurisdiction is the lawful authority of a court to adjudicate a controversy brought before it." *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn.1977). This authority consists of two components: Jurisdiction of the parties and jurisdiction of the subject matter. *Brown v. Brown*, 155 Tenn. 530, 296 S.W. 356 (1927). Jurisdiction of the parties is premised on their being properly subject to service of process, i.e., to being haled into the given court. *Kane*, 547 S.W.2d at 560. Jurisdiction of the subject matter relates to the nature of the controversy and the type of relief sought. *Standard Surety & Casualty Co. v. Sloan*, 180 Tenn. 220, 173 S.W.2d 436 (1943).

There is no question raised about the court's jurisdiction over the person of Ms. Kittrell. The motion to dismiss does not address that issue. Therefore, we will confine our discussion to the question of the court's subject matter jurisdiction.

■ The scope of a Tennessee court's jurisdiction is determined by the state constitution and statutes. *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296 (Tenn.1988) (citing *Kane, supra*). The General Assembly has defined the subject matter jurisdiction of the circuit court as follows:

> The circuit court is a court of general jurisdiction, and the judge thereof shall administer right and justice according to

---

1. The complaint also alleges that the stipulation of dismissal was entered into without notice to Mr. Young.

law, in all cases where the jurisdiction is not conferred upon another tribunal. Tenn.Code Ann. § 16-10-101.

The trial court may have thought that an action for contribution was equitable in nature and therefore outside the subject matter jurisdiction of the circuit court. However, "[a]lthough the doctrine of contribution originated in courts of equity, it was subsequently adopted by courts of law and is now universally applied therein." 18 Am.Jur.2d, *Contribution* § 6, p. 13 (1985). *See also Butler v. Trentham*, 224 Tenn. 528, 458 S.W.2d 13 (1970). Thus, an action for contribution is within the circuit court's general jurisdiction.

We can only surmise, based on the grounds asserted in appellee's motion to dismiss, that the trial court decided jurisdiction of this particular controversy had already been seized by some other court.

■ We note that the court having jurisdiction over the divorce, and all legal controversies ancillary to that proceeding, is the same court in which appellant filed this action for contribution. Thus, even if the controversy over appellant's alleged right to contribution from appellee were genuinely ancillary to the divorce proceeding, the Circuit Court of Smith County clearly would have jurisdiction to hear appellant's claim.[2]

■ Appellee's motion to dismiss asserts that, since appellant did not file cross-claims for contribution against his co-defendant in the federal court suits, he cannot now maintain an action for contribution in another court. The argument ignores the fact that the right to contribution among contract debtors does not arise until the party actually pays more than his or her share of a joint obligation. *Frazier v. Frazier*, 221 Tenn. 705, 430 S.W.2d 655 (1968).[3] More importantly, cross-claims

against a co-party are permissive, not mandatory. Rule 13(g), Fed.R.Civ.P. It appears that, under the Federal Rules of Civil Procedure, Mr. Young might have been allowed to maintain contingent claims for contribution against his co-defendant in the suits on the guaranties. The point is, he was not required to, and the fact that he did not do so cannot serve as the basis for refusing to allow him to litigate such claims in an independent action in state court.

■ The trial court may have thought that it lacked jurisdiction due to the doctrine of former suit pending. This doctrine is discussed thoroughly in the case of *Metropolitan Development and Housing Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876 (Tenn.App.1982). The rule is that, "when two courts have concurrent jurisdiction of a particular subject matter, that tribunal which first obtains jurisdiction retains it." *Brown Stove Works*, 637 S.W.2d at 879 (quoting *Casone v. State*, 176 Tenn. 279, 140 S.W.2d 1081, 1083 (1940)).

In the instant case, the trial court presumably regarded appellant's claim for contribution as involving the same "subject matter" as the federal district court cases in which the parties here were co-defendants. Obviously, on one level this is true: The action for contribution has as its origin the guaranties on which the parties were sued in the federal court cases. However, the doctrine of former suit pending requires a greater degree of relatedness before a court may be denied jurisdiction to adjudicate a case. The doctrine is not applicable unless four criteria are met: (1) the two suits must "involve the identical subject matter;" (2) they must both be "between the same parties;" (3) the former suit must still be pending; and (4) the court

---

**2.** It seems more probable that appellee's reference to the "original divorce action" was intended as an assertion that appellant would have to re-open the divorce proceeding itself rather than bringing this independent action for contribution. Even if the trial court thought this procedural argument had merit, it would not be a basis for holding that the Circuit Court of Smith County lacked *jurisdiction* to hear the claim.

**3.** The suits in federal district court were suits on contract, not in tort. Thus appellee's references to the Uniform Contribution Among Tort-Feasors Act, Tenn.Code Ann. § 29-11-101, *et seq.*, are irrelevant.

in which the former suit is pending must be "a court in this state having jurisdiction of the subject matter and the parties." *Cockburn v. Howard Johnson, Inc.,* 215 Tenn. 254, 256–257, 385 S.W.2d 101, 102 (1964) (quoting from Higgins & Crownover, Tennessee Procedure in Law Cases, § 518(6)).

The facts in the case of *Tallent v. Sherrell,* 27 Tenn.App. 683, 184 S.W.2d 561 (1944), discussed in *Brown Stove Works,* provide a relatively simple illustration of how the doctrine of former suit pending is to be applied. Tallent and Sherrell were partners in a farming operation. Tallent sued in the Chancery Court of Lincoln County, Tennessee, for an accounting and dissolution of the partnership. While that suit was pending, Sherrell brought an action before a justice of the peace in Giles County and was awarded possession of the farm. Tallent then filed a suit in the Chancery Court of Giles County to have the judgment of the justice of the peace set aside. In response to the Giles County chancery suit, Sherrell filed a plea in bar based on the pendency of Tallent's previously filed suit in the Lincoln County Chancery Court. The chancellor in Giles County dismissed Tallent's suit on the ground of former suit pending, and the Court of Appeals affirmed.

The "subject matter" of an action is the controversy, i.e., the competing claims of rights and the competing allegations of facts. The subject matter in *Tallent v. Sherrell* was the dispute over which partner was entitled to the partnership's principal asset upon dissolution of the partnership. Although this type of case was within the subject matter jurisdiction conferred upon the Chancery Court of Giles County by the constitution and statutes, that court was precluded from exercising jurisdiction over the dispute because the Chancery Court of Lincoln County had already taken

that controversy between those two parties up for adjudication.

■ In the instant case, the subject matter presented to the Smith County Circuit Court is the dispute over whether appellant is entitled to a certain sum of money from appellee. Appellant's claim is based on payments he allegedly made in satisfaction of what he asserts were judgments against himself and appellee jointly. The fact that those judgments were rendered by some other court does not mean that the controversies adjudicated by that other court are the same controversy as is presented here. The subject matter in each of the federal court cases was a dispute over whether Jere R. Young and Ramona Young Kittrell were liable on their guaranties. That is simply not the same controversy as is presented in appellant's claim for contribution. Consequently, the federal district court cannot be said to have already taken jurisdiction over the subject matter of appellant's claim.[4]

In addition, the instant suit cannot be said to be "between" the same parties as the suits on the guaranties. The adverse parties in the instant case were co-defendants in the former suits, and the record does not show that either co-defendant asserted any claim adverse to the other.

The third element of the former suit pending rule is also missing: Neither of the suits on the guaranties was still *pending* when appellant filed the instant action.

As to the fourth element of the rule cited in *Cockburn,* we do not think it necessary to address the question of whether the federal district court which adjudicated the suits on the guaranties is or is not a "court in this state" for purposes of the former suit pending rule. For the reasons state above, the doctrine of former suit pending

---

**4.** The argument can be made that, although there is no diversity of citizenship between appellant and appellee, the dispute in the instant case is ancillary to the controversy in the suits on the guaranties, and that therefore the federal court could exercise jurisdiction over appellant's claim by virtue of the jurisdiction it acquired in those suits. *See,* 18 Am.Jur.2d, *Contribution* § 83 (1985). Rather than analyze the merits of

that argument, we think it is enough to observe that there is no authority which would *require* the plaintiff in the instant action to bring this claim to the federal court, neither during the pendency of the suits in that court nor after their conclusion. The plaintiff may choose among those forums which the law makes available to him.

simply has no application to the instant case.

### III. Conclusion

Concomitant with any given court's authority to adjudicate certain types of cases between parties properly subject to being haled into that court is the obligation to exercise that authority "in all cases where the jurisdiction is not conferred upon another tribunal." Tenn.Code Ann. § 16–10–101. Jurisdiction over this type of subject matter is not reserved to some other court. Nor does it appear from the pleadings and arguments that any other court had acquired jurisdiction over this particular controversy between these two parties. It was error for the trial court to dismiss this action for lack of jurisdiction.

The ruling of the trial court dismissing the case is reversed. The case is remanded to the Circuit Court sitting in Smith County for further proceedings. Tax the costs of this appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.