IN THE COURT OF APPEALS OF TENNESSEE

FILED

February 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STEVE PAYNE, | ) | C/A NO. 03A01-9708-CV-00352 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | BLOUNT COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| | ) | |
| JAN SAVELL, C.S.J. TRAVEL, INC., | ) | |
| and CARLEEN STEPHENS, | ) | |
| | ) | HONORABLE W. DALE YOUNG, |
| Defendants-Appellants. | ) | JUDGE |

For Appellants

L. LEE KULL
Bird, Navratil & Kull
Maryville, Tennessee

For Appellee

DAVID T. BLACK
MELANIE E. DAVIS
Kizer & Black
Maryville, Tennessee

O P I N I O N

REVERSED IN PART
AFFIRMED IN PART
REMANDED WITH INSTRUCTIONS

Susano, J.

Steve Payne ("Payne"), a stockholder and former employee of CSJ Travel, Inc. ("CSJ"), sued CSJ and the corporation's other stockholders, Jan Savell ("Savell") and Carleen Stephens ("Stephens")[1], seeking damages for the defendants' alleged breach of a contract to repurchase Payne's CSJ stock. Payne's action was filed in the Blount County General Sessions Court at a time when earlier litigation between Payne and CSJ in the Blount County Chancery Court was pending on appeal to this court. In the instant action, the defendants allowed a default judgment to be taken against them and thereafter appealed to the Blount County Circuit Court for a *de novo* trial. The Circuit Court denied the defendants' joint motion for summary judgment, and instead granted summary judgment in favor of Payne and against CSJ for $6,666.64. Payne then filed a notice of voluntary dismissal of his suit against Savell and Stephens. The defendants appealed, arguing, among other things, that the Circuit Court erred in failing to grant them summary judgment, and erred in granting Payne a money judgment against CSJ.

I

Payne was formerly employed as a travel agent with CSJ. Savell was the president of CSJ, and Stephens was the corporation's secretary. On August 30, 1993, Payne entered into a contract with CSJ, by the terms of which he agreed that, upon the termination of his employment, he would refrain from competing with CSJ for a period of one year and within a radius

---

[1] For ease of reference, CSJ, Savell and Stephens will collectively be referred to as "the defendants."

of 250 miles.  By separate contract executed the same day, Payne agreed to purchase 250 shares of stock in CSJ for $10,000.  In the same contract, Payne granted the corporation the option to repurchase his stock if his employment with the company was terminated for any reason.

Payne voluntarily terminated his employment with CSJ as of February 1, 1995.  CSJ subsequently informed him of its intention to exercise its option to repurchase his stock.  Payne later became employed to work in Blount County by a travel agency located in the Washington, D.C. area.

On March 14, 1995, CSJ filed suit against Payne in Chancery Court, alleging that Payne had violated the covenant not to compete by soliciting the business of some of its major clients.  The complaint sought damages and an injunction prohibiting Payne from engaging in further competition.  On May 18, 1995, CSJ notified Payne that it would not make its scheduled payment under the stock repurchase agreement.  To that point, CSJ had made two payments of $1,666.67 each, but still owed Payne $6,666.64.

On June 1, 1995, Payne filed a motion in the Chancery Court action alleging that CSJ had interfered with his attempts to sell the stock elsewhere.  He sought a declaration that he was free to sell the stock on the open market due to CSJ's failure to make the repurchase payments.  He also requested an injunction prohibiting CSJ from further interfering with his efforts to sell

his stock.  The Chancery Court heard the motion but declined to rule on it, deferring the issue for a later hearing.

The Chancellor ultimately determined that the covenant not to compete was enforceable, but only to the extent that it prohibited Payne from soliciting customers of CSJ.  After both parties appealed, the Court of Appeals held that the covenant was fully enforceable according to its terms, and remanded the case for further proof on the issue of damages.  *See* ***CSJ Travel, Inc. v. Payne***, C/A No. 03A01-9604-CH-00142, 1996 WL 469694 (Tenn.App., E.S., filed August 20, 1996, Inman, Sr.J.).

On January 16, 1996, while the Chancery Court's decision was on appeal to the Court of Appeals, and while Payne's motion with respect to the repurchase agreement was still pending in Chancery Court, Payne filed the instant action in General Sessions Court.  The warrant seeks damages for the defendants' alleged breach of the contract to repurchase Payne's stock.  As previously stated, the defendants allowed a default in General Sessions Court and appealed the adverse ruling to the Circuit Court for a trial *de novo*.  The parties subsequently filed various motions, including a motion by the defendants for summary judgment, and a motion by Payne seeking the same relief.  The Circuit Court denied the defendants' motion, and proceeded to award Payne summary judgment, finding that he was entitled to recover $6,666.64 plus interest against CSJ.

II

4

The defendants raise several issues regarding the Circuit Court's judgment.  We shall first address their contention that the trial court erred in failing to grant Savell and Stephens summary judgment.[2]

As previously indicated, the plaintiff took a voluntary nonsuit, without prejudice, of his action against the individual defendants.  Under Rule 41.01, Tenn.R.Civ.P., the plaintiff "ha[d] the right to take a voluntary nonsuit" under the terms set forth in the rule.  He complied with those provisions.  It is clear that the individual defendants cannot appeal the order of dismissal without prejudice, nor can they now appeal the trial court's interlocutory judgment denying their motion for summary judgment.

This matter was addressed in the case of *Oliver v. Hydro-Vac Services, Inc.*, 873 S.W.2d 694 (Tenn.App. 1993) wherein this court, citing an unpublished opinion of the Court of Appeals, opined as follows:

> As Judge Koch stated in *Harriet Teresa Martin vs. Washmaster Auto Center, Inc., and Murfreesboro Road Autowash Association, Inc.*, 1993 WL 241315 (Unpublished opinion, Tenn.App. 1993):
>
>> Defendants ordinarily cannot appeal from the denial of their motion for summary judgment.  The denial of a summary judgment before trial is an interlocutory decision that does not satisfy Tenn.R.App.P. 3(a)'s finality requirement.  (citations omitted).

---

[2]Neither Savell nor Stephens was a party to the Chancery Court action.

* * *

>           Taking a voluntary nonsuit does not
>           render the denial of a summary
>           judgment any more suitable for
>           appellate review.  No present
>           controversy exists after the
>           plaintiff takes a nonsuit.  The
>           lawsuit is concluded and can only
>           be resurrected if and when the
>           plaintiff recommences the action.
>           The plaintiff's refiling the suit
>           is a contingent event that may not
>           occur.  Thus, determining whether
>           the defendant is entitled to a
>           summary judgment after the
>           underlying suit has been dismissed
>           without prejudice would be
>           unnecessary and premature.

*Id*.  at 696.  This issue is without merit.


III


We next turn to CSJ's contention that Payne's action against it should have been dismissed by the Circuit Court because of the pending motion in Chancery Court.

Payne's motion in Chancery Court regarding the repurchase agreement brought that contract to the attention of that court.  The motion raises issues that necessarily involve an analysis of that agreement and of CSJ's alleged breach of its terms; in fact, in a letter attached as an exhibit to his motion, Payne asserts that CSJ had defaulted by failing to make the agreed-upon payments under the contract.  Thus, the Chancery Court was asked by Payne to determine whether CSJ had committed an actionable breach.  Payne could have sought a determination that the same breach entitled him to recover monetary damages.  While he did not do so, it is clear that the Chancery Court had

jurisdiction over a breach of contract claim seeking monetary damages.  *See* T.C.A. § 16-11-102.

We acknowledge that the breach of contract claim filed by Payne in the instant action is not identical to the request for declaratory and injunctive relief that he submitted to the Chancery Court.  However, as stated above, by raising the issue of CSJ's breach in the Chancery Court action, Payne placed before that court the very same breach that is at the heart of his action in the instant case.

The parties have argued competing theories in their briefs as to whether the breach of contract claim was a mandatory or permissive counterclaim in the Chancery Court action.  We do not believe that this is the issue.  Regardless of the proper classification of this claim under Rule 13, Tenn.R.Civ.P., the fact remains that the issue common to Payne's motion in Chancery Court and his claim in the instant suit -- breach of the repurchase agreement -- was actually placed before the Chancery Court by Payne's motion.  Accordingly, Payne was precluded from pursuing this issue in Circuit Court while the same issue was pending in Chancery Court.  The Circuit Court should have declined jurisdiction due to the doctrine of former suit pending. *See **Young v. Kittrell***, 833 S.W.2d 505, 508 (Tenn.App. 1992) (the doctrine of "former suit pending" holds that "when two courts have concurrent jurisdiction of a particular subject matter, that tribunal which first obtains jurisdiction retains it.") When this suit was filed in General Sessions Court and when it was resolved in Circuit Court, there was, at both times, a claim pending in

7

another court in the same courthouse, filed by the same person, seeking a finding identical to that sought in the instant action -- that CSJ had committed an actionable breach of the repurchase contract. This is the exact type of conflict that the doctrine of prior suit pending is designed to prevent.

## IV

We therefore hold that the Circuit Court erred in failing to dismiss Payne's claim against CSJ, and erred in awarding Payne a judgment against CSJ. The Circuit Court's judgment as to the plaintiff's suit against CSJ is hereby reversed. The remainder of the judgment is affirmed. Costs on appeal are taxed to the appellee. This case is remanded to the trial court for the entry of an order dismissing Payne's suit against CSJ without prejudice to his right to refile same in Chancery Court, with all costs below being assessed against Payne.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
William H. Inman, Sr.J.

8