IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## JOHN HERMAN HUTCHINGS, v. METHODIST HOSPITAL OF McKENZIE, ET AL.

**Interlocutory Appeal from the Circuit Court for Carroll County**
**No. 3545     Julian P. Guinn, Judge**
**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. 72824   Karen R. Williams, Judge**

---

### No. W1998-00901-COA-R9-CV - Decided June 2, 2000

---

This is a medical malpractice case in which the plaintiff filed two identical actions only days apart in Shelby County and Carroll County against the same defendants. The plaintiff non-suited and then re-filed the Carroll County action. Amended complaints were filed in both actions seeking to add a defendant. The plaintiff then asked the Shelby County trial court to transfer the action pending in Shelby County to Carroll County for consolidation. The defendant who was added argued that the Shelby County trial court should dismiss the case for improper venue and that the Carroll County trial court should grant his motion for summary judgment based on the statute of limitations. The Shelby County trial court granted the plaintiff's motion to transfer to Carroll County and the Carroll County trial court denied the defendant's motion for summary judgment. The added defendant appealed. We reverse the Carroll County trial court's denial of summary judgment and its acceptance of the Shelby County case for consolidation and remand to the Carroll County trial court to determine whether the Shelby County amended complaint was intended to supplement the original complaint or to completely replace it, and whether a named Shelby County defendant was still a defendant in the Shelby County suit when the amended complaint was filed, in order to ascertain if venue was proper as to the added defendant.

**Tenn. R. App. P. 9; Judgment of the Circuit Court is Affirmed in Part, Reversed in Part, and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Floyd S. Flippin, Humboldt, Tennessee, for the appellant, Sidney Ray, M.D.

Gary K. Smith and William D. Domico, Memphis, Tennessee, for the appellees, Methodist Hospital of McKenzie and John Freeman, M.D.

A. Russell Willis and Alan D. Johnson, Nashville, Tennessee, and Edward M. Bearman, Memphis, Tennessee, for the appellee, John Herman Hutchings.

**OPINION**

On September 25, 1994, Plaintiff/Appellee John Hutchings ("Hutchings"), a Weakley County resident, was treated in the emergency room at Defendant/Appellee Methodist Hospital of McKenzie ("Methodist-McKenzie") in Carroll County, Tennessee, for pain and weakness in his right leg. Defendant/Appellee Dr. John Freeman ("Dr. Freeman"), a Crockett County resident, examined Hutchings at Methodist-McKenzie and determined that he suffered from vascular insufficiency in his right leg. Dr. Freeman advised Hutchings to go home and schedule an appointment the following day with his family physician, Defendant/Appellant Dr. Sidney Ray ("Dr. Ray"), a Carroll County resident.

Hutchings was examined by Dr. Ray the following day. Dr. Ray concluded that Hutchings had a blockage of his femoral artery. He recommended that Hutchings see a specialist in Memphis, Tennessee. Dr. Ray's office told Hutchings to return home and wait while they made arrangements for an evaluation by the specialist. Two days later, Dr. Ray's office contacted Hutchings and told him to go immediately to Methodist Hospital of Memphis ("Methodist-Memphis"), in Shelby County, Tennessee, to be evaluated by a specialist. Hutchings was subsequently admitted to the emergency room at Methodist-Memphis. On October 3, 1994, his right leg was amputated at Methodist-Memphis.

On September 22, 1995, Hutchings filed a medical malpractice action in Shelby County against Methodist-McKenzie, Methodist-Memphis, Dr. Freeman, Dr. Charles Kanos, Dr. E. J. Chauvin, Dr. Jerry Gooch, Dr. Alan Hammond, and Dr. Martin Croce. Three days later, Hutchings filed an identical action against the same defendants in Carroll County. In both complaints, Hutchings alleged that the defendants' failure to fully examine him, to recognize the seriousness of his condition, to refer him to another physician more competent to diagnose his condition, and to provide appropriate medical treatment was the proximate cause of the amputation of his leg. Dr. Ray was not named as a defendant in either the Shelby County lawsuit or the Carroll County lawsuit. Only Methodist-McKenzie and Dr. Freeman treated Hutchings in Carroll County; all of the other defendants named in Hutchings' lawsuits treated Hutchings in Shelby County.

On January 29, 1996, Hutchings filed a motion asking the Carroll County trial court to transfer the action pending in Carroll County to Shelby County, as well as a motion asking that the Shelby County trial court accept the Carroll County case for consolidation with the action already pending in Shelby County. At the same time, Hutchings filed a motion to amend his Carroll County complaint by deleting from the caption the defendants Methodist-Memphis, Dr. Charles Kanos, Dr. E. J. Chauvin, Dr. Jerry Gooch, Dr. Alan Hammond, and Dr. Martin Croce. In the motion to transfer, Hutchings stated that, "although [he] believed the filing of the initial complaint in Shelby County tolled the statute of limitations, [he] filed his second complaint in Carroll County for the sole purpose of insuring that the statute of limitations was tolled as to defendants Methodist of McKenzie and [Dr. Freeman.]" The record does not include an order on Hutching's motion to transfer; however, the Carroll County trial court apparently denied the motion. On June 25, 1996, Hutchings non-suited his Carroll County action.

From March 1996 to August 1996, a series of agreed orders in Hutchings' Shelby County action dismissed without prejudice Dr. Charles Kanos, Dr. Martin Croce, Dr. E. J. Chauvin, and Dr. Jerry Gooch from the case. On October 28, 1996, the Shelby County trial court entered a brief order granting summary judgment in favor of Methodist-Memphis. Following this order, Dr. Alan Hammond was the only Shelby County resident named as a defendant in Hutchings' Shelby County complaint who had not been dismissed from the suit. In his brief before this Court, Dr. Ray asserts that Dr. Hammond was never served in the Shelby County suit; however, that fact cannot be confirmed from the record on appeal.

On June 14, 1997, within one year after entering a non-suit in his original Carroll County action, Hutchings filed a second lawsuit in Carroll County. The second Carroll County lawsuit named as defendants only Methodist-McKenzie and Dr. Freeman. On September 22, 1997, in the Shelby County lawsuit, Methodist-McKenzie and Dr. Freeman filed an amended answer in which they identified Dr. Ray and Dr. Alan Hammond as other potentially liable parties. Methodist-McKenzie and Dr. Freeman filed a similar amended answer in Carroll County on September 24, 1997. The amended answers stated:

> These Defendants would aver that if any causal relationship between the Plaintiff's injuries and/or losses and any act or acts set forth in the Complaint is deemed to exist, which is denied, then said causal relationship is the result of the act or acts of parties and/or non-parties yet unnamed in the Complaint, including, but not limited to, Sidney Ray, M.D. and D. Alan Hammond, M.D., and therefore, apportionment of fault is appropriate and should be made.

On September 23, 1997, the Shelby County trial court entered an agreed order granting Hutchings permission to amend his complaint. The order stated:

> It appearing to the Court, as evidenced by the signatures of counsel below, that the parties have agreed that the Plaintiff John Herman Hutchings may amend his Complaint. It is therefore [ordered] that the Plaintiff shall be allowed to amend his Complaint in this action.

A virtually identical agreed order was entered in Carroll County on September 24, 1997. Hutchings filed an amended complaint in Shelby County on September 24, 1997, and an amended complaint in Carroll County the next day naming Methodist-McKenzie, Dr. Freeman, and Dr. Ray as defendants. All of the defendants named in the amended complaints are Carroll County residents and all of the negligent conduct alleged occurred in Carroll County.

Dr. Ray alleges on appeal that he was not served with the Shelby County amended complaint until January 21, 1998; this cannot be confirmed from the record on appeal. Hutchings also filed a motion to transfer in the Shelby County trial court, seeking transfer of the Shelby County lawsuit to Carroll County for consolidation with his Carroll County action.

On November 20, 1997, Dr. Ray answered the Carroll County amended complaint. Dr. Ray later filed a motion for summary judgment in the Carroll County case, asserting that the Carroll County action was barred by the statute of limitations. In Shelby County, Dr. Ray filed a motion to dismiss for improper venue. The Carroll County trial court heard argument on Dr. Ray's motion for summary judgment and then issued an order staying any action on Dr. Ray's summary judgment motion pending the Shelby County trial court's decision on Hutchings' motion to transfer and Dr. Ray's motion to dismiss.

On April 3, 1999, the Shelby County trial court held a hearing to consider both Dr. Ray's motion to dismiss and Hutchings' motion to transfer. The Shelby County trial court then issued a written order holding that venue in Shelby County was proper when Hutchings originally filed his action there, that Dr. Ray was properly added as a defendant in the case, and that the case was transferable to Carroll County. Consequently, the Shelby County trial court denied Dr. Ray's motion to dismiss and granted Hutchings' motion to transfer the Shelby County lawsuit to Carroll County.

The parties then informed the Carroll County trial court by telephone conference of the Shelby County trial court's order. The Carroll County trial court issued an order accepting transfer of Hutchings' Shelby County action for consolidation with the lawsuit pending in Carroll County. In its order, the Carroll County court stated that, had Hutchings' Shelby County action not been transferred, Dr. Ray's motion for summary judgment asserting the statute of limitations would have been granted, because Tennessee Code Annotated § 20-1-119 does not apply to actions previously non-suited. However, the Carroll County trial court found that Hutchings had properly and timely amended his complaint under Section 20-1-119 to add Dr. Ray as a defendant to his Shelby County action and that the case was transferrable to Carroll County. Consequently, the Carroll County trial court denied Dr. Ray's motion for summary judgment.

On April 9, 1998, Dr. Ray filed a motion in the Shelby County trial court requesting interlocutory appeal of its grant of Hutchings' motion to transfer and consolidate, as well as the denial of Dr. Ray's motion to dismiss for improper venue. The Shelby County trial court granted Dr. Ray's motion for interlocutory appeal. The Shelby County trial court's order granting interlocutory appeal was later withdrawn by consent order, and the Carroll County trial court issued an order granting interlocutory appeal of its denial of Dr. Ray's motion for summary judgment. On September 8, 1998, this Court granted Dr. Ray's application for interlocutory appeal.

On appeal, Dr. Ray argues that the Shelby County trial court erred in denying his motion to dismiss for improper venue and in granting Hutchings' motion to transfer the Shelby County lawsuit to Carroll County. He argues, as well, that the Carroll County trial court erred in accepting the transfer. Dr. Ray contends that venue was not proper in Shelby County because he was not personally subject to suit in Shelby County and because all of the defendants who were subject to suit in Shelby County were dismissed from the Shelby County action before Dr. Ray was added to the case. Dr. Ray contends in the alternative that, under the doctrine of former suit pending, venue in Shelby County was improper because he was served with the Carroll County amended complaint prior to service of the Shelby County amended complaint. Hutchings responds that venue in Shelby County was proper when Dr. Ray was added as a defendant. Hutchings asserts that the Shelby

County trial court's transfer of Hutchings' action to Carroll County was appropriate once all of the Shelby County defendants were dismissed from the Shelby County action. Hutchings maintains that the doctrine of former suit pending does not place exclusive jurisdiction in the Carroll County court.

This appeal presents questions of law. Consequently, the scope of review is *de novo* with no presumption of correctness in the trial court's decision. *See State v. Levandowski*, 955 S.W.2d 603, 604 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn. 1996).

Venue is the personal privilege of a defendant to be sued in particular counties. *See Turpin v. Conner Bros. Excavating Co., Inc.*, 761 S.W.2d 296, 297 (Tenn. 1988). It is generally not a condition precedent to a court's power, but relates instead to the appropriateness of the location of the action. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Improper venue is a matter which is waived unless contested in the first pleading. *See* Tenn.R.Civ.P. 12.08.

For purposes of venue, medical malpractice actions involving alleged injury to a person, such as this case, are considered "transitory actions." *See Bing v. Baptist Memorial Hospital - Union*, 937 S.W.2d 922, 924 (Tenn. Ct. App. 1996). Transitory actions are those actions in which the injury occurred to a subject not having an immovable location, such as an action sounding in tort or contract. *See Five Star Exp. v. Davis*, 866 S.W.2d 944, 945, n. 1 (Tenn. 1993). In transitory actions, venue is governed by Tennessee Code Annotated § 20-4-101. This statute states that "unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found." Tenn. Code Ann. § 20-4-101(a) (1994). Thus, Dr. Ray could be sued in Carroll County, where he resides, or in the county where the cause of action arose.

Rule 20.01 of the Tennessee Rules of Civil Procedure allows a plaintiff to join all defendants in one action if there is asserted against them any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. Tenn.R.Civ.P. 20.01. Additionally, Rule 19 of the Tennessee Rules of Civil Procedure provides that "a person who is subject to jurisdiction shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties . . . ." Tenn.R.Civ.P. 19.01. The Tennessee Supreme Court noted in *Samuelson v. McMurtry*, 962 S.W.2d 473 (Tenn. 1998), that complete relief in actions involving comparative fault cannot be accorded all parties unless persons potentially bearing some fault in the tort committed against the plaintiff are joined as parties. *Id.* at 475. Consequently, under comparative fault principles, where the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, all tortfeasors must be joined in the same action, unless joinder is prohibited by law. *See Samuelson*, 962 S.W.2d at 476.

In this case, Hutchings' original Shelby County complaint contained allegations of negligent conduct occurring in both Shelby County and Carroll County. Therefore, for purposes of determining venue, his cause of action arose in Shelby County and in Carroll County. The original Shelby County complaint named defendants residing in both Shelby County and Carroll County.

These defendants were properly joined in the same action in Shelby County as joint tortfeasors. *See* Tenn.R.Civ.P. 20.01 and 19.01, ***and see Samuelson***, 962 S.W.2d at 476. Therefore, under Tennessee Code Annotated § 20-4-101 and Rules 20.01 and 19.01 of the Tennessee Rules of Civil Procedure, venue was proper at the outset of Hutchings' action in either Shelby County or Carroll County.

Hutchings filed his amended Shelby County complaint, pursuant to the trial court's agreed order, to add Dr. Ray as a defendant under Tennessee Code Annotated § 20-1-119. *See* Tenn.R.Civ.P. 15.01. In the amended Shelby County complaint, Hutchings named as defendants Dr. Ray, Methodist-McKenzie and Dr. Freeman, all Carroll County residents. The negligent conduct alleged against these defendants in the amended complaint occurred in Carroll County. As noted above, Tennessee Code Annotated § 20-4-101 provides that venue is proper "in the county where the cause of action arose or in the county where the defendant resides or is found." *Id.* Consequently, venue in Shelby County was improper as to Dr. Ray if based only on the amended complaint because the amended complaint did not name a Shelby County resident as a defendant nor did it allege negligent conduct against the defendants named in the amended complaint occurring in Shelby County.

In his original Shelby County complaint, Hutchings named Dr. Alan Hammond, a Shelby County resident, as a defendant. The record contains no order dismissing Dr. Hammond from the suit; however, he is not named as a defendant in the Shelby County amended complaint. As noted above, Dr. Ray asserts that Dr. Hammond was never served in the Shelby County suit; but this cannot be confirmed from the record on appeal. If the amended complaint was intended to supplement the original complaint instead of completely replacing it, and if Dr. Hammond was a defendant in the case when the amended complaint was filed, venue in Shelby County was proper as to Dr. Ray when the amended complaint was filed. *See* Tenn.R.Civ.P. 20.01 and 19.01, ***and see Samuelson***, 962 S.W.2d at 476.

The amended Shelby County complaint could be construed as a substitute, intended to replace the original complaint. However, the amended complaint was filed pursuant to the trial court's order granting leave to amend. This order does not grant leave to file an amended or substitute complaint; rather, it states that Hutchings was "allowed to amend" his original complaint, i.e. to change or supplement the original complaint. As noted above, whether venue was proper as to Dr. Ray at the time the amended complaint was filed hinges on whether Dr. Hammond, the lone remaining named Shelby County defendant, was a defendant when the amended complaint was filed. This depends on whether Dr. Hammond was ever served, and whether the amended complaint was intended to replace or supplement the original complaint. Neither of these issues can be ascertained from the record before this Court. Consequently, we remand the case to the Carroll County trial court for a determination of whether the amended Shelby County complaint was intended to supplement or replace the original complaint, as well as whether Dr. Hammond was a defendant in the case when the amended complaint was filed.

Dr. Ray also argues that venue was improper in Shelby County because he was served with Hutchings' Carroll County amended complaint before he was served with Hutchings' Shelby County

amended complaint. He claims that, under the doctrine of former suit pending, the prior service of the Carroll County amended complaint gave the Carroll County trial court exclusive jurisdiction over Dr. Ray. Hutchings argues that the Shelby County trial court had exclusive jurisdiction over Dr. Ray because Hutchings filed his Shelby County amended complaint before he filed his Carroll County amended complaint.

Under the doctrine of former suit pending, when two courts have concurrent jurisdiction over the subject matter and over the parties, the court which first acquires jurisdiction acquires exclusive jurisdiction. *See Young v. Kittrell*, 833 S.W.2d 505, 508 (Tenn. Ct. App. 1992); *see also Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 878-882 (Tenn. Ct. App. 1982). The exclusive jurisdiction of the first court continues until the matters at issue are disposed of and no court of coordinate authority is at liberty to interfere with its action. *See Brown Stove Works*, 637 S.W.2d at 878-879 (citing *American Lava Corp. v. Savena*, 476 S.W.2d 639, 640 (Tenn. 1972)). The doctrine applies if (1) two suits involve the identical subject matter, (2) the suits are between the same parties, (3) the former suit is still pending, and (4) the court in which the former suit is pending is a court in the state having jurisdiction over the subject matter and the parties. *See Young*, 833 S.W.2d at 508-509; *see also Brown Stove Works*, 637 S.W.2d at 878-879. In *Young v. Kittrell*, the court noted:

> Jurisdiction is the lawful authority of a court to adjudicate a controversy brought before it. This authority consists of two components: Jurisdiction of the parties and jurisdiction of the subject matter. Jurisdiction of the parties is premised on their being properly subject to service of process, i.e., to being haled into the given court. Jurisdiction of the subject matter relates to the nature of the controversy and the type of relief sought.

*Id.*, 833 S.W.2d at 507 (citations omitted).

In this case, it is undisputed that the Shelby County and Carroll County trial courts had general jurisdiction over the subject matter of Hutchings' claims, *see* Tenn. Code Ann. § 16-10-101 (1994), and that the original and amended complaints filed in Shelby County and Carroll County involved identical subject matters and named the same defendants. It is also undisputed that the original and amended complaints in Shelby County were filed before the original and amended complaints in Carroll County were filed. Dr. Ray asserts that the Carroll County trial court obtained exclusive jurisdiction as to Dr. Ray because he was served in the Carroll County suit first. However, Dr. Ray cites no law for the proposition that the doctrine of former suit pending is keyed to time of service for a particular defendant. Hutchings filed his amended complaint in Shelby County one day before filing his amended complaint in Carroll County. Consequently, Dr. Ray was "subject to service of process" first in Shelby County, and the Shelby County trial court obtained exclusive jurisdiction over Dr. Ray. *Young*, 833 S.W.2d at 507.

Dr. Ray also argues that the Carroll County trial court erred in denying his summary judgment motion based on the statute of limitations, asserting that he was added as a defendant after

the one-year statute of limitations had elapsed, and that the "savings period" provided by Tennessee Code Annotated § 20-1-119 does not apply because the first Carroll County lawsuit was non-suited. This issue is pretermitted by our holding in this case.

In summary, we reject Dr. Ray's argument that the Carroll County trial court had exclusive jurisdiction over Dr. Ray based on the doctrine of former suit pending. We reverse the Carroll County trial court's denial of Dr. Ray's motion for summary judgment and its acceptance of Hutchings' Shelby County case and remand this case to the Carroll County trial court to determine whether the Shelby County amended complaint was intended to supplement the original complaint or to completely replace it, and whether Dr. Hammond was a defendant in the Shelby County suit when the amended complaint was filed.

This case is affirmed in part, reversed in part, and remanded to the circuit court for further proceedings consistent with this Opinion. Costs are assessed equally against Appellant, Sidney Ray, M.D., and Appellee, John Herman Hutchings, for which execution may issue if necessary.

HOLLY KIRBY LILLARD, J.
W. FRANK CRAWFORD, P.J., W.S.
DAVID R. FARMER, J.