FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE
(HEARD AT COLUMBIA)

**FILED**

**February 17, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

DOUGLAS E. SAMUELSON, AS THE       (
NATURAL FATHER AND PERSONAL        (
REPRESENTATIVE OF KEVIN L.         (
SAMUELSON,                         (
                                   (
    Plaintiff-Appellant,          (
                                   (
                                   (  Davidson Circuit
                                   (
v.                                 (  Hon. Thomas W. Brothers,
                                   (  Judge
                                   (
CECIL E. McMURTRY, M.D., WILLIAM   (  No. 01S01-9702-CV-00025
A. HOLLAND, JR., M.D., H.C.A.      (
HEALTH SERVICES OF TENNESSEE, INC.,(
d/b/a DONELSON HOSPITAL EMERGICARE,(
INC.,                              (
                                   (
    Defendants,                   (
                                   (
and                                (
                                   (
MARK S. TOTTY, INDIVIDUALLY AND    (
d/b/a MARK S. TOTTY, D.C., P.C.,   (
                                   (
    Defendant-Appellee.           (


For Plaintiff-Appellant:                For Defendant-Appellee:

Joe Bednarz                             Alfred H. Knight
Law Offices of Joe Bednarz              Roger T. May
Nashville                               W. Reese Willis, III
                                        Willis & Knight
                                        Nashville

**O P I N I O N**


JUDGMENT OF COURT OF APPEALS
DISMISSING SUIT AFFIRMED; CASE
REMANDED TO TRIAL COURT.                        REID, J.

       This is a medical malpractice case, which began as a suit

against several defendants, only one of whom, Mark S. Totty, is before the Court on appeal. In a divided opinion, the Court of Appeals sustained the defendant's pleas of res adjudicata and collateral estoppel and pretermitted all other issues. The dissenting judge would have found that the trial court erred in severing and dismissing the plaintiff's claim against the defendant Totty and would have remanded the case for retrial. This Court finds that the trial court erred but the determinative issues were not preserved on appeal. Consequently, the judgment dismissing the suit is affirmed.

I

The plaintiff, Douglas E. Samuelson, in a representative capacity, sued the defendants, Dr. Cecil E. McMurtry, Dr. William A. Holland, Jr., Dr. Mark S. Totty and Hospital Corporation of America (HCA) for the wrongful death of Kevin L. Samuelson, who, on August 2, 1988, died from pneumonia.

For the purposes of this appeal, the facts are not disputed. On July 21, 1988, the deceased, who was 28 years of age, was treated by Dr. Holland, a physician, at the HCA hospital at Donelson, Tennessee for a boil under his right arm. The next day, Samuelson returned to the hospital with a fever and inflammation around the boil and was treated by Dr. McMurtry, a physician. Eight days later, on July 30, Samuelson went to the hospital emergency room with complaints of back pain, for which he was

treated by Dr. McMurtry.  The following day, July 31, he twice returned to the emergency room with the same symptoms.  On his first visit, he was seen by Dr. Holland, but on his second visit he was discouraged by the hospital personnel from seeing a physician.  On August 1, he went to the office of Dr. Totty, a chiropractor, with complaints of intense back and chest pain and was treated twice that day by Dr. Totty.  The next day, Samuelson died from pneumonia, which had not been diagnosed by any of the health care providers.  Expert medical evidence showed that the chest and back pain were caused by pneumonia and that the deceased's condition could have been treated successfully within 6 to 12 hours prior to his death.

The complaint charged that the physicians, Drs. Holland and McMurtry, failed to diagnose properly the deceased's condition; that HCA wrongfully refused him treatment; and that Dr. Totty, the chiropractor, failed to refer the deceased to a physician for treatment.

The trial court granted Dr. Totty's motion for summary judgment upon the finding that "there exists a genuine issue of material fact with respect to the issue of negligence, but not as to the issue of proximate causation."  On appeal, the Court of Appeals reversed the summary judgment, finding disputed evidence concerning the proximate causes of Samuelson's death and remanded the case for trial.

Prior to trial on remand, the trial court granted three motions filed by Dr. Totty: a motion to exclude the testimony of the plaintiff's expert witness regarding the standard of care for chiropractors, a motion for summary judgment because the plaintiff was not prepared to offer expert testimony regarding the standard of care for chiropractors, and a motion to dismiss the plaintiff's suit against Dr. Totty for failure to state a claim upon which relief can be granted. The court <u>sua</u> <u>sponte</u> severed the action against Dr. Totty from the suit against the other defendants.

The case went to trial against Dr. Holland, Dr. McMurtry, and HCA. The jury found damages in the amount of $500,000 and allocated 51 percent of the fault to Dr. Holland and 49 percent to the deceased, resulting in a verdict for the plaintiff in the amount of $255,000. The jury found in favor of Dr. McMurtry and HCA. The trial court suggested a remittitur reducing the judgment against Dr. Holland to $204,000, which the plaintiff accepted under protest. There was no appeal from any action of the trial court regarding the defendants Holland, McMurtry and HCA. The plaintiff accepted payment of the judgment in the amount of $204,000 and filed with the clerk of the trial court a certification that the judgment was fully satisfied.

**II**

The plaintiff assigned as error the trial court's action in dismissing and severing the plaintiff's suit against Dr. Totty.

-4-

As stated, the Court of Appeals found on the first appeal that affidavits filed on behalf of the plaintiff created material issues of fact regarding Dr. Totty's negligence and proximate causation and remanded the case for trial against all defendants. No useful purpose would be served by discussing in this opinion the plaintiff's expert's qualifications or the standard of care owed the plaintiff by the defendant Totty under the circumstances of the case. For the purposes of this appeal, this Court finds that the trial court erred in dismissing the plaintiff's suit against Dr. Totty rather than allowing the case to proceed to trial as ordered by the Court of Appeals.

The issue, then, is whether the trial court erred in severing for trial the claim against Dr. Totty. Rule 19.01, Tenn. R. Civ. P., provides, "[a] person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties. . . ." This portion of the rule would compel the joinder of Dr. Totty, because complete relief in this action, which is governed by comparative fault, could not be accorded all parties unless Dr. Totty was a party. However, the rule contains the further provision: "This rule shall be construed to allow joint tort-feasors and obligors on obligations that are joint and several to be sued either jointly or severally." The application of this portion of the rule obviously has been affected by the adoption of comparative fault.

Judge Koch, dissenting in the Court of Appeals, succinctly summarized the rules regarding the apportionment of fault under comparative fault:

> [T]he Court has articulated four principles with regard to the apportionment of fault or awarding damages against non-parties. First, fault may be apportioned only to persons against whom the plaintiff has a cause of action. Owens v. Truckstops of Am., 915 S.W.2d at 428; Ridings v. Ralph M. Parsons Co., 914 S.W.2d at 83. Second, fault may be apportioned to both parties and non-parties. Volz v. Ledes, 895 S.W.2d at 680. Third, the plaintiff bears the risk of not joining a potentially liable tortfeasor against whom it has a cause of action. Ridings v. Ralph M. Parsons Co., 914 S.W.2d at 83; Volz v. Ledes, 895 S.W.2d at 680. Fourth, failure to identify potentially liable tortfeasors who are not already parties as required by Tenn. Code Ann. § 20-1-119(a) will prevent defendants from attributing fault to these non-parties. Ridings v. Ralph M. Parsons Co., 914 S.W.2d at 84.

The effect of comparative fault principles on joint and several liability was considered in Owens v. Truckstops of Am., 915 S.W.2d 420 (Tenn. 1996). There the Court concluded that "where the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, each tortfeasor will be liable only for that proportion of the damages attributable to its fault." Id. at 430. And, further, "when liability is based on negligence, each of the defendants is severally liable only for the percentage of damages caused by its negligence." Id. at 433. Rule 8.03, Tenn. R. Civ. P., requires that comparative fault, including the identity or description of any other alleged tortfeasors, be pled by a defendant as an affirmative defense. Also, Tenn. Code

Ann. § 20-1-119(a)(1994) has been amended to allow additional time for other persons to be made defendants in cases of comparative fault. This Court has stated that, "Rule 8.03, Tenn. R. Civ. P., insures that the rights and liabilities of the parties subject to suit be resolved in one action. Section 20-1-119 provides the procedure for joining additional defendants . . . ." Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 83 (Tenn. 1996). The conclusion to be drawn from these decisions is, where the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, all tortfeasors must be joined in the same action, unless joinder is specifically prohibited by law.[1] Here, the complaint alleged that the separate and independent acts of Dr. Totty combined with the separate and independent acts of the other defendants to cause a single, indivisible injury. Consequently, since Dr. Totty and the other defendants would not be jointly liable for the decedent's death, that provision in Rule 19 which allows joint tortfeasors to be sued either jointly or severally is not applicable.

The procedure required under Tennessee's comparative fault formulation retains the efficiency of joint liability and the fairness of comparative fault. It also conserves judicial resources and eliminates inconsistent judgments. It resolves fairly the competing interests of full recovery for the plaintiff and the equitable allocation of liability for the defendants.

---

[1] See Turner v. Jordan, _____ S.W.2d _____ (Tenn. 1998) (joinder of negligent and intentional tortfeasors would be improper since their "fault" could not be compared).

Allowing a plaintiff to sue defendants in separate, consecutive actions would defeat the efficiency and fairness that are the objectives of the principles of comparative fault.  <u>See</u> John Scott Hickman, <u>One-Action Rule</u>, 48 Vand. L. Rev. 739, 762 (1995).

In <u>Cogdell v. Hospital Center at Orange</u>, 560 A.2d 1169 (N.J. 1989), which was a medical malpractice suit against several defendants who were charged with consecutive acts of negligence, the Supreme Court of New Jersey set forth the policy considerations upon which that court based its "entire controversy doctrine." Those considerations support the decision reached in this case.

> [T]here can be little doubt that the participation of all potentially responsible persons as parties in the original action would have resulted in a fuller and fairer presentation of the relevant evidence and would have enabled the jury to make a more informed and complete determination of liability.  It would have assured an ultimate determination that would be comprehensive, just and conclusive as to all persons implicated in the controversy.
>
> . . .  The failure to have joined these defendants in the earlier action seems prejudicial and unfair . . . .  [W]hile technically their interests were not determined in the earlier action, they do not now have the same opportunity to persuade a jury that will be determining their liability that the former defendants are to be blamed.

<u>Id.</u> at 1178.

The conclusion is that the trial court erred in dismissing and severing the claim against Dr. Totty.  The trial

court's errors deprived the plaintiff of the right to proceed against the defendant Totty in the same trial with the other defendants and also of the right to have the decedent's fault compared with the fault of all the defendants.  The defendants other than Dr. Totty were deprived of an opportunity to have fault apportioned against Dr. Totty.  This result could have been accomplished on remand had the plaintiff appealed the entire case.

Despite the plaintiff's insistence that relief can be granted on the record before the Court, the Court finds that the plaintiff's failure to appeal the judgments against the defendants other than Dr. Totty was fatal to his right to a new trial. Perhaps the plaintiff could not have anticipated the precise decision that would be rendered by the Court on the issues presented, but the plaintiff chose to accept payment in satisfaction of the judgment against the defendant Holland, thereby precluding an appeal that would have allowed the Court to do justice for all the parties.

The Court has been referred to no authority that would allow it to set aside a final judgment against a defendant who is not a party to the appeal and who has paid the judgment and received from the plaintiff an acknowledgment of full satisfaction.

Accordingly, the judgment of the Court of Appeals dismissing the suit is affirmed, and the case is remanded to the trial court.

Costs of appeal are taxed to the plaintiff.

_____
                                          Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
     and Holder, JJ.