IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## ANTHONY McNABB and Wife SHERRY McNABB v. HIGHWAYS, INC., and A&H SAFETY SUPPLY, PAUL HARRISON v. HIGHWAYS, INC., and A&H SAFETY SUPPLY

Direct Appeal from the Circuit Court for Polk County
Nos. 3596 and 3597     Hon. Lawrence Puckett, Circuit Judge

FILED NOVEMBER 20, 2001

No. E2001-00867-COA-R3-CV

Plaintiffs' action for damages for personal injury allegedly due to defendant's negligence, was dismissed by the Trial Judge for failure of plaintiffs to join all alleged tort feasors in one action. On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Andrew R. Tillman, Knoxville, Tennessee, for Appellants.

Donald W. Strickland, Chattanooga, Tennessee, for Appellee, Highways, Inc.

## OPINION

In this action for damages for personal injuries allegedly caused by Defendant's negligence, the Trial Court granted defendant summary judgment, and plaintiffs have appealed.

On May 8, 1998, plaintiffs sustained serious personal injuries when their motor vehicle was struck by a vehicle operated by Ronald Morrison, which had struck a concrete barrier

in a construction zone and crossed the center line, striking plaintiffs' vehicle.

Plaintiffs in the Circuit Court of Polk County, brought actions against Morrison for their injuries on August 21, 1998, and subsequently brought this action against defendant on January 20, 1999. As an affirmative defense in defendant's Answer which was filed on January 26, 1999, it pled that it was not at fault, and that "the accident in plaintiffs' injuries resulted from the negligence of Ronald Morrison". Plaintiffs then settled with defendant Morrison, and the actions against Morrison were dismissed on February 6, 1999, with the Order reciting that the issues between the parties had been settled.

In granting the defendant summary judgment, the Trial Court, in his Memorandum Opinion, expressed:

> by filing suit initially against the driver of the other vehicle, Ronald E. Morrison, and subsequently filing these actions against the defendants, Highways, Inc., and A&H Safety Supply,[1] who are allegedly responsible for conditions of the highway, plaintiff failed to follow the procedure outlined by the Tennessee Supreme Court in *Samuelson.*

Our review of the summary judgment is a question of law and the scope of review is *de novo* with no presumption of correctness of the Trial Court's finding. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79, 80 (Tenn. 1996). We conclude the facts of this case which are undisputed are not controlled by *Samuelson.* [*Samuelson v. McMurtry*, 962 S.W.2d 473 (Tenn. 1998].[2]

In *Samuelson*, plaintiff had sued multiple defendants, and the Trial Court separated one defendant, Totty, and went forward with a jury trial as to the remaining defendants. Only one of the remaining defendants was cast in judgment for damages, and no appeal was taken from that trial. On appeal of Totty, who had been severed, the Supreme Court stated that while the Trial Court was in error in severing defendant Totty for purposes of Trial, it was inappropriate to grant a new trial as to Totty because "the plaintiff's failure to appeal the judgments against defendants other than Dr. Totty, was fatal to his right to a new trial", and in explaining its reason the Court said:

> The Trial Court's errors deprived the plaintiff of the right to proceed against the defendant, Totty, in the same trial with the other defendants, and also of the right to

---

[1]A&H Safety Supply is no longer a party to this action.

[2]The Court in *Samuelson* relied on *Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 560 A.2d 1169 (1989), and followed the so-called "Entire Controversy doctrine" announced by the New Jersey Supreme Court, that Court has further limited the doctrine. *See Olds v. Donnelly v. Maran*, 150 N.J. 424, 696 A.2d 633 (1997).

have the defendant's fault compared with the fault of all defendants. <u>The defendants other than Totty were deprived of an opportunity to have the fault apportioned against Dr. Totty.</u> This result could have been accomplished on remand, had plaintiff appealed the entire case. (Emphasis supplied).

The Supreme further observed that the procedure required under Tennessee's Comparative Fault formulation "retains the efficiency of joint liability and the fairness of comparative fault".

As to the issue of conserving judicial efficiency, the cases against this defendant and Morrison were all filed in the Circuit Court of Polk County, and had they all gone to trial, they should have been combined for purposes of trial. As to the issue of fairness, the circumstances of this case are not unlike a plaintiff suing two defendants for tortious injuries in the same action and settling with the one before trial, but going to trial as to the remaining defendant. A plaintiff's settling with one co-defendant under the comparative fault doctrine, does not establish a basis for dismissal as to the remaining defendant. In these cases, the defendant is not deprived of the opportunity to have fault apportioned against Morrison, as it has already raised in its answer the affirmative defense of Morrison's negligence. Accordingly, defendant has not been prejudiced by the plaintiffs' settling their action against Morrison.

We vacate the Judgment of the Trial Court and remand for further proceedings consistent with this Opinion. The costs of the appeal are taxed to the defendant, Highways, Inc.

_____
HERSCHEL PICKENS FRANKS, J.