IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
Heard at Cleveland[1]
November 7, 2002 Session

# ANTHONY McNABB, ET AL. v. HIGHWAYS, INC., ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Polk County**
**Nos. 3596 and 3597      Lawrence Puckett, Judge**

---

**No. E2001-00867-SC-R11-CV - Filed March 3, 2003**

---

We granted this appeal to determine whether the trial court erred in granting summary judgment to the defendant based on the plaintiff's failure to join all of the tortfeasors in a single proceeding under Samuelson v. McMurtry, 962 S.W.2d 473 (Tenn. 1998). The Court of Appeals reversed the trial court's judgment after concluding that the plaintiff's settlement with one tortfeasor did not require dismissal of the plaintiff's complaint against a second tortfeasor. After reviewing the record and the applicable authority, we hold that the trial court erred in granting summary judgment to the defendant based on the plaintiff's failure to join the tortfeasors in a single proceeding and that Samuelson is not applicable to the facts of this case. We therefore affirm the Court of Appeals' judgment and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the**
**Court of Appeals Affirmed; Remanded to the Trial Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Donald W. Strickland, Chattanooga, Tennessee, for the appellant, Highways, Inc.

Andrew R. Tillman, Knoxville, Tennessee, and Roger E. Jenne, Cleveland, Tennessee, for the appellees, Anthony McNabb and wife, Sherry McNabb, and Paul Harrison.

**OPINION**

---

[1] Oral argument was heard in this case on November 7, 2002, in Cleveland, Bradley County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

**Background**

On May 8, 1998, Ronald Morrison was driving his motor vehicle southbound on Highway 411 in Polk County, Tennessee, through a highway construction zone when he hit a concrete barrier, crossed the center line of the highway, and struck a car driven by the plaintiff, Anthony McNabb, in the northbound lane of traffic. Both McNabb and his passenger, Paul Harrison, were injured in the accident.

Later, on August 21, 1998, the plaintiffs-appellees McNabb and Harrison filed separate but identical complaints in the Circuit Court for Polk County, Tennessee, solely against Morrison. The complaints alleged that Morrison was negligent in driving his vehicle across the center line of the highway, failing to keep his car under control, and failing to yield the right of way, and that as a result, the appellees suffered personal injuries. Neither complaint mentioned the appellant, Highways, Inc., or charged it with negligence. Both McNabb and Harrison later negotiated separate settlements of these lawsuits against Morrison.[2]

On January 20, 1999, while the first lawsuits were still pending against Morrison, the appellees McNabb and Harrison filed separate but identical complaints in the Circuit Court for Polk County, Tennessee, against the appellant, Highways, Inc. ("Highways").[3] Each complaint alleged that Highways negligently obstructed the shoulder of the highway with a concrete barrier, failed to slow traffic or to warn drivers of the barrier's existence, and therefore caused the accident which resulted in injuries to the appellees McNabb and Harrison. Highways' answer to each of the complaints asserted that the accident was the result of Morrison's reckless driving and negligent failure to stay in his proper lane of traffic. The answer further stated that "under the doctrine of comparative fault, Mr. Morrison is solely liable to the plaintiff for the damages proximately caused by [his] negligence." Highways took no action to consolidate the first suits against Morrison with the later suits against it.

Highways later filed a motion for summary judgment on the ground that McNabb and Harrison improperly filed separate complaints against Morrison and Highways instead of joining all of the defendants in a single action. The trial court granted the motion, concluding that the "plaintiffs were not permitted to bring separate causes of action against Highways after filing actions against Ronald Morrison." The trial court, citing Samuelson v. McMurtry, 962 S.W.2d 473 (Tenn. 1998), and the joinder provisions under Rule 19 of the Tennessee Rules of Civil Procedure, also found that McNabb and Harrison incorrectly "sought to place 100 percent of fault on Morrison in the first action and 100 percent of fault on Highways in the second action without pleading comparative fault in either action."

_____

[2] Harrison's suit was settled in February of 1999; McNabb's suit was settled in December of 1999.

[3] The trial court later consolidated the McNabb and Harrison separate complaints against Highways.

The Court of Appeals reversed the trial court's summary judgment after concluding that Highways was not deprived of the opportunity to have fault apportioned against Morrison. The Court of Appeals did not discuss Rule 19 of the Tennessee Rules of Civil Procedure and instead reasoned that the "circumstances of this case are not unlike a plaintiff suing two defendants for tortious injuries in the same action and settling with . . . one before trial, but going to trial as to the remaining defendant." Accordingly, the intermediate court held that the appellees' settlements with Morrison did not establish a basis to dismiss the complaints against the appellant Highways.

We granted Highways' application for permission to appeal to review these issues.

## Analysis

Standard of Review

Before examining the merits of the appeal, we first address whether the Court of Appeals erred in reviewing de novo, without a presumption of correctness, the trial court's dismissal of the complaint.

The appellant Highways argues that the Court of Appeals should have applied the "abuse of discretion" standard of review which is applicable to a dismissal based on a plaintiff's failure to join an indispensable party. See Tenn. R. Civ. P. 12.02(7). The appellees, McNabb and Harrison, contend that the Court of Appeals correctly applied the standard de novo without a presumption of correctness, which is the standard of review applicable to a question of law presented by a motion for summary judgment.

An examination of the record reveals that Highways filed a motion for summary judgment arguing that McNabb and Harrison were not permitted to file complaints against Highways alleging a separate cause of action after having filed complaints against Ronald Morrison based on the same accident. The trial court granted the motion for summary judgment on this basis and dismissed the suits with prejudice. Although the trial court's order referred to the failure to join all of the defendants in the same action and cited Rule 19 of the Tennessee Rules of Civil Procedure, McNabb and Harrison correctly assert that a dismissal for the failure to join an indispensable party necessarily would have been *without* prejudice. Indeed, the Tennessee Rules of Civil Procedure state:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

Tenn. R. Civ. P. 41.02(3) (emphasis added).[4]

Accordingly, the record demonstrates that the trial court's order of dismissal in this case granted the motion for summary judgment filed by Highways and dismissed the complaints with prejudice. Under these circumstances, the Court of Appeals correctly applied the standard of review applicable to a question of law presented in a motion for summary judgment, *i.e.*, de novo without a presumption of correctness. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

Dismissal of Complaint

Turning to the merits of the appeal, Highways argues that where the separate, independent negligent acts of more than one tortfeasor combine to cause a single, indivisible injury, a plaintiff is limited to one cause of action and must join all of the tortfeasors in that action and that this Court's decision in Samuelson v. McMurtry, 962 S.W.2d 473 (Tenn. 1998), requires that result. Moreover, Highways argues that joinder of Morrison was required as an indispensable party. See Tenn. R. Civ. P. 19. McNabb and Harrison respond that Samuelson is not controlling since Highways may raise comparative fault as an affirmative defense and ask the jury to allocate fault to Morrison. They also contend that Ronald Morrison was not an indispensable party in this action.

We begin our analysis with the landmark case of McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), in which we adopted a system of modified comparative fault. Under this system, a plaintiff may recover damages where the plaintiff's fault is less than the defendant's fault. The plaintiff's recovery of damages, however, is reduced to reflect his or her degree of fault. Id. at 57. In cases of multiple tortfeasors, a "plaintiff will be entitled to recover so long as plaintiff's fault is less than the combined fault of all tortfeasors." Id. at 58.

In applying comparative fault principles to this case, Highways relies primarily upon Samuelson v. McMurtry and asserts that a plaintiff must join all tortfeasors in the same proceeding or else face dismissal of later complaints against other tortfeasors. In the unusual case of Samuelson, the plaintiff's estate filed a complaint against two physicians and a chiropractor alleging a negligent failure to diagnose the decedent's pneumonia. After the trial court dismissed the cause of action against the chiropractor, the case went to trial and a jury apportioned fault between the two physicians. The plaintiff elected not to appeal the jury's verdict against the two physicians, but did appeal the trial court's dismissal of the complaint against the chiropractor. 962 S.W.2d at 474-75. We held on appeal that the trial court erred in dismissing the claim against the chiropractor because it allowed the plaintiff to proceed "in separate, consecutive actions [that] would defeat the efficiency and fairness that are the objectives of the principles of comparative fault." Id. at 476. We also said, however, that

---

[4] In addition, the joinder provisions of Rule 19 of the Tennessee Rules of Civil Procedure were not applicable in this case for the reasons discussed later in this opinion.

[t]he trial court's errors deprived the plaintiff of the right to proceed against the [chiropractor] in the same trial with the other defendants and also of the right to have the decedent's fault compared with the fault of all the defendants. The defendants other than [the chiropractor] were deprived of an opportunity to have fault apportioned against [the chiropractor]. This result could have been accomplished on remand had the plaintiff appealed the entire case.

Id. at 476.

The appellant's interpretation of Samuelson is overly broad. It relies on Samuelson for the proposition that we have adopted a "one-action" rule under which a plaintiff in all negligence cases must pursue all tortfeasors in a single action or suffer the dismissal of later actions. Under the unique facts in Samuelson, however, we concluded that the chiropractor could not be tried on remand without impugning the jury's verdict or denying the opportunity for the chiropractor's degree of fault to be properly compared against the two physicians under McIntyre. Samuelson, 962 S.W.2d at 476. In contrast, there has been no adjudication or allocation of fault in this case, and Highways has not been denied the opportunity to assert that the responsibility for the appellees' injuries rests elsewhere. In short, this case is fundamentally different from the rare facts in the Samuelson case.[5]

Highways' broad interpretation of Samuelson is also misplaced because it conflicts with well-established procedural rules and statutes applied under McIntyre. We emphasized in McIntyre, for example, that "fairness and efficiency require that defendants called upon to answer allegations [of] negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought." 833 S.W.2d at 58 (emphasis added). The Rules of Civil Procedure therefore require that a *defendant* shall raise comparative fault, "including the identity or description of any other alleged tortfeasors," in an answer as an affirmative defense to the plaintiff's cause of action. See Tenn. R. Civ. P. 8.03; see also George v. Alexander, 931 S.W.2d 517, 521 (Tenn. 1996) (Court discussed the defendant's duty to plead comparative fault and identify tortfeasors under Rule 8.03).

---

[5] Highways' effort to bolster its interpretation of Samuelson with authority from other jurisdictions is likewise unavailing. It has identified only two states that have adopted a procedure by which a plaintiff must file a single action against all potential tortfeasors or else risk the dismissal of later actions, one of which we cited in Samuelson. See Cogdell v. Hosp. Ctr. at Orange, 560 A.2d 1169 (N.J. 1989); see also Albertson v. Volkswagenwerk Aktiengesellschaft, 634 P.2d 1127 (Kan. 1981). Even in these jurisdictions, however, the courts have clarified that a case would not be dismissed against one defendant where a separate action against another defendant ends with a settlement agreement and not an adjudicated allocation of fault. See Mitchell v. Charles P. Procini, D.D.S., 752 A.2d 349, 355-56 (N.J. Super. Ct. App. Div. 2000) (settlement with one defendant did not preclude allocation of fault in an action against another defendant); Mathis v. TG&Y, 751 P.2d 136 (Kan. 1988) (settlement agreement with one defendant did not mandate the dismissal of a separate suit against another defendant when there had been no judicial determination of fault). In short, the cases relied upon by Highways are fundamentally different than the facts of the present case.

Similarly, we recognized in <u>McIntyre</u> that after a defendant raises comparative fault and asserts that another tortfeasor is liable to the plaintiff, a plaintiff must make a timely amendment to the complaint and serve process in order to seek a judgment against the newly named tortfeasor. <u>McIntyre</u>, 833 S.W.2d at 57; <u>see also</u> <u>Browder v. Morris</u>, 975 S.W.2d 308, 310 (Tenn. 1998).

The legislature has since enacted Tennessee Code Annotated, Section 20-1-119(a), which affords a plaintiff an additional ninety (90) days in which to either amend the initial complaint or file a new and separate complaint against the new tortfeasor when a defendant's answer asserts comparative fault and identifies a tortfeasor against whom the statute of limitations has run.[6] As the Court of Appeals has observed, the purpose and effect of this statutory provision "simply preserves a plaintiff's prerogative to select defendants just as they were able to before <u>McIntyre v. Balentine</u> was decided." <u>Townes v. Sunbeam Oster Co.</u>, 50 S.W.3d 446, 453 (Tenn. Ct. App. 2001). In short, the one-action rule advocated by Highways, under which a plaintiff bears the burden of identifying and filing actions against all potential defendants in a single complaint or else suffer the dismissal of any later amendments or complaints, would render the provisions of Rule 8 of the Tennessee Rules of Civil Procedure and Tennessee Code Annotated, Section 20-1-119(a), all but meaningless.

Similarly, Highways' argument, and the trial court's conclusion, that it is unfair to permit a plaintiff to divide an action by seeking to recover complete damages from each of multiple defendants is likewise inconsistent with <u>McIntyre</u> when applied to the facts of this case. The purpose of comparative fault under <u>McIntyre</u> is to link one's liability to his or her degree of fault in causing a plaintiff's damages. <u>McIntyre</u>, 833 S.W.2d at 57. Nothing in this case prevents Highways from asserting comparative fault as an affirmative defense and nothing prevents Highways from arguing that the jury should allocate all or a portion of the fault to McNabb, Harrison, and Ronald Morrison. As the Court of Appeals in this case observed:

---

[6]
> (a) In civil actions where comparative fault is or becomes an issue, <u>if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery</u>, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued . . .; or
>
> (2) Institute a separate action against that person by filing a summons and complaint. . . .

Tenn. Code Ann. § 20-1-119 (1994 & Supp. 2002) (emphasis added).

> [T]he circumstances of this case are not unlike a plaintiff suing two defendants for tortious injuries in the same action and settling with the one before trial, but going to trial as to the remaining defendant. A plaintiff's settling with one co-defendant under the comparative fault doctrine, does not establish a basis for dismissal as to the remaining defendant. In these cases, the defendant is not deprived of the opportunity to have fault apportioned against Morrison, as it has . . . raised in its answer the affirmative defense of Morrison's negligence.

See Mitchell v. Charles P. Procini, D.D.S., 752 A.2d 349, 355 (N.J. Super. Ct. App. Div. 2000) (concluding that a settlement with one defendant did not prevent allocation of fault in a separate action against another defendant); Mathis v. TG&Y, 751 P.2d 136, 138 (Kan. 1988) (concluding that a settlement with one defendant did not require dismissal of a separate suit because there had been no judicial determination of fault). The proceedings, therefore, fully comport with the purpose of linking liability with the degree of fault under McIntyre.

Finally, the record does not support Highways' argument that allowing the action to continue is unfairly prejudicial because it places the burden upon it to establish Morrison's fault and denies it the opportunity to conduct a joint defense with Morrison. Highways has not demonstrated any potential defense that has been lost or evidence that has been rendered unavailable in these proceedings. Moreover, as the appellees' assert, the alleged prejudice is at best conjectural since Highways not only will be able to assert comparative fault as a defense but will also be able to argue that all of the fault lies with Morrison uncontradicted by Morrison's defense or presence as a litigant. In short, Highways has demonstrated no prejudice that would justify the adoption of a rule that finds no support either in Tennessee or other jurisdictions.

Indispensable Party

In its final argument, Highways contends that the trial court properly dismissed the complaint because McNabb and Harrison failed to join all of the defendants in a single complaint as indispensable parties. Tenn. R. Civ. P. 19.01. McNabb and Harrison deny that they failed to join an indispensable party and assert that dismissal of the complaint is not the proper remedy for a failure to join an indispensable party under Rule 19.01 of the Tennessee Rules of Civil Procedure.

The Rule provides that a person shall be joined as a party in two situations: (1) when, in the person's absence, complete relief cannot be afforded among those who are already parties; and (2) when the person claims an interest related to the subject of the action and disposition of the action in the person's absence may impair or impede the person's ability to protect the interest or leave those who are already parties subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest." Tenn. R. Civ. P. 19.01. "A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described

in Rule 19.01(1)-(2) hereof who are not joined, and the reasons why they are not joined." Tenn. R. Civ. P. 19.03.

Highways' argument that the complaint was properly dismissed on this basis is unconvincing because it conflicts with the record and the provisions of the applicable rules. For example, the record does not support Highways' assertion that Morrison was an indispensable party under the criteria contained in Rule 19.01. As we have explained, Morrison's settlement with McNabb and Harrison did not prevent Highways from raising comparative fault as an affirmative defense and did not prevent Highways from arguing that all or some of the fault should be allocated to Morrison. Morrison's absence as a party, therefore, would not result in a failure to afford complete relief between the parties. See Tenn. R. Civ. P. 19.01.

Similarly, the record fails to disclose either that Morrison had an interest in the complaint against Highways, or that Morrison's absence would subject Highways to double, multiple, or inconsistent obligations. See id. Morrison's settlement with McNabb and Harrison had no impact on the defenses available to or the possible obligations incurred by Highways.[7]

Finally, as the appellees McNabb and Harrison note, when a party fails to comply with the required procedures on joining an indispensable party, the appropriate remedy is not dismissal of the action. Tenn. R. Civ. P. 21 ("Misjoinder of parties is not ground for dismissal of an action."). Indeed, Highways' invitation for this Court to adopt a rule requiring or allowing dismissal for the failure to join an indispensable party conflicts with the express language of the applicable rules. Moreover, Highways' argument is inherently flawed given our conclusion that the trial court's order effectively dismissed the complaints on summary judgment grounds with prejudice and did not dismiss the complaints based on the failure to join an indispensable party. We therefore conclude that the appellees McNabb and Harrison were not required to join all of the defendants in a single complaint as indispensable parties.

## Conclusion

Accordingly, after reviewing the record and the applicable authority, we hold that the trial court erred in granting summary judgment to the defendant based on the plaintiff's failure to join the tortfeasors in a single proceeding and that Samuelson v. McMurtry, 962 S.W.2d 473 (Tenn. 1998), is not applicable to the facts of this case. We affirm the Court of Appeals' judgment and remand to the trial court for further proceedings. Costs of the appeal are taxed to the appellant, Highways, Inc., for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE

---

[7] See also June F. Entman, *The NonParty Tortfeasor*, 23 MEM. ST. U.L. REV. 105, 114-15 (1992) ("Application of Rule 19's criteria . . . yields the result that other potential tortfeasors are not persons whose joinder is required in a suit to recover against a defendant who the plaintiff claims negligently caused him injury.")