# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 1, 2024

## BOBBY MACBRYAN GREEN v. MICHAEL JOHN MAY, ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 24263    James E. Lauderback, Judge**

_____

### No. E2024-00419-COA-R3-CV
_____

The issues in the former underlying action and the present controversy pertain to an easement dispute that arose from a joint driveway agreement. A final judgment in the underlying action, titled "Consent Agreement and Order" (hereinafter "the Consent Order"), was entered in July 2013, from which there was no appeal. The final judgment was also duly recorded in the office of the Washington County Register of Deeds on August 5, 2013. The only parties to the former action were the plaintiff, Bobby MacBryan Green ("Mr. Green"), and the defendant, Michael John May ("Mr. May"). In 2021, Daniel Anthony ("Mr. Anthony") purchased the property previously owned by Mr. May. In December 2023, Mr. Green obtained and filed an order of extension with the Washington County Circuit Court to extend the judgment entered in 2013. Shortly thereafter, Mr. Green filed a motion to show cause alleging that Mr. Anthony had violated the Consent Order and personally handed the motion to Mr. Anthony. One week later, Mr. Green filed a motion for joinder of Mr. Anthony pursuant to Tennessee Rule of Civil Procedure 19, which was also hand delivered to Mr. Anthony. Mr. Anthony's counsel made a limited appearance opposing the relief sought on multiple grounds. Following a hearing on Mr. Green's motions, the trial court found that Mr. Anthony was not a proper or feasible party capable of being joined in the former 2013 action. Based on this finding, the court denied Mr. Green's motion for joinder and dismissed the show cause motion as moot. Mr. Green appeals. Finding no error, we affirm the trial court in all respects. In his brief, Mr. Anthony asks this court to award him the attorney's fees and expenses he incurred in defending this appeal, contending that the appeal is frivolous. Finding that the appeal is devoid of merit and, therefore, frivolous, we remand this matter to the trial court to award Mr. Anthony his reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

- 1 -

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Bobby MacBryan Green, Johnson City, Tennessee, pro se.

Colin Michael Wyvill, Kingsport, Tennessee, for the appellee, Daniel Anthony.

**OPINION**

While the record before us does not include the original complaint or other substantive information concerning the 2013 action and its origins, our appellant, Mr. Green, has provided a summary of that history in his brief, which reads in pertinent part:

> Green purchased his residence at 404 Holly Street in February[]1998. Michael John May purchased a neighboring residence with two acres and a long, shared driveway. In 2002 May subdivided his land, creating a new lot identified as 414 Holly Street, in disregard for covenants in the Joint Driveway Agreement with Green. In a hard-fought case, the trial court found May liable to Green for that action but May was unable to muster sufficient assets to pay more than token damages. At May's urging, Green and May co-authored the consent decree which was proposed to the trial court on 24 July 2013 and entered on 05 August 2013 following the clerk's hand delivery to May, who immediately registered the "Consent Agreement and Order" for urgent reasons of his own, not relevant here.

(Internal citations to the record omitted).

> In pertinent part, the Consent Order states:
>
> (a) May's subdivision of his property was contrary to the provision in Paragraph 7 of the relevant Joint Driveway Easement that the parties attempted to preserve the . . . character of the easement.
> (b) May had violated the easement terms on several occasions by blocking and/or allowing the driveway to be blocked with various vehicles, and by May's dog's interference with Green's pedestrian ingress and egress.
>
> Therefore, based upon the herein stipulations of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:
>
> (1) May shall take definitive actions to minimize now and at all times in the future Green's awareness of the lot known as 414 Holly Street. Within 75 days, May with care shall plant a dense attractive evergreen hedge along the entire eastern and northern boundaries of the 414 Holly Street lot. The

hedge plants shall be of good quality and size and shall be closely spaced, e.g., if Leyland cypress nursery-graded as 5 feet tall, the plants shall be spaced 8 feet apart. A hedge of lower quality or density shall be unacceptable.

(2) May shall nurture and maintain this hedge, replanting as necessary.

(3) May personally shall pay to Green damages of $3,000.00, one-half of which is to be paid by 15 September 2013 and the remainder to be paid over the next 30 months.

(4) The parties accept and endorse the 2008 holdings of the Court as set forth above.

(5) If at any time in the future, in reliance upon May's dedication of a utility and drainage easement, the City of Johnson City interferes with Green's rights pursuant to the Joint Driveway Easement, May personally shall reimburse Green 110% of any damages for which the City is not liable by reason of May's dedication, e.g., Green's related engineering and legal expenses.

(6) Except as italicized in (3) & (5), the terms 'May' and 'Green' include the parties, their heirs, successors and assigns. This Consent Agreement and Order and its terms shall run with the lands now known as 404 Holly Street and 414 Holly Street, Johnson City, Tennessee. Green and May hereby covenant one to another that each is fully vested with the rights necessary to enter into and fulfill the provisions of this instrument.

(7) All prior orders in this civil action shall be supplanted by this Consent Agreement and Order upon its entry as a final judgment, from which Green and May hereby waive the right of appeal. This Consent Agreement and Order shall be enforceable as for contempt with the burden of proof upon the defendant. Costs are taxed to the defendant.

The adjoining properties are in Washington County, Tennessee, and the Consent Order was duly recorded in the Washington County Register of Deeds on August 5, 2013, and can be found on Roll 809 at page 228.

In September 2017, Mr. May sold his interest in the property at issue to Kimitake Sato and Chika Sato. Then, in July 2021, the Satos sold their interest in the property to Mr. Anthony, who currently owns the property.

As noted earlier, in December 2023, shortly after Mr. Green obtained and filed an order of extension with the circuit court to extend the 2013 judgment, Mr. Green filed a motion for an order to show cause and hold Mr. Anthony in contempt for alleged violations of the Consent Order and personally handed the motion to Mr. Anthony. Approximately one week later, Mr. Green filed a motion for joinder of Mr. Anthony pursuant to Tennessee Rule of Civil Procedure 19, which was also hand delivered to Mr. Anthony. Mr. Anthony

made a limited appearance and filed responses opposing the motions. More specifically, in his response in opposition to the motions, he states, in pertinent part:

> 1. This case currently before the Court was closed by Consent Agreement and Order (hereinafter "the Order") almost eleven (11) years ago on or about August 5, 2013.
>
> \* \* \*
>
> 5. On or about December 5, 2023, Plaintiff hand delivered a copy of the Verified Motion to Show Cause, in violation of Rule 4.01(2), which resulted in an inefficient service of process.
>
> 6. To Respondent's knowledge no summons was ever issued for the Verified Motion to Show Cause, further invalidating the service of process requirements of Rule 4.01.
>
> 7. Respondent is not a party to this action, therefore for this Court to have personal jurisdiction over Respondent, proper service of process must have been issued upon him. See Nye v. Bayer Cropscience, Inc., 347 S.W.3d 686, 694 (Tenn. 2011) ("as a general rule, service of process is the means by which a court obtains personal jurisdiction over a defendant.")

Additionally, Mr. Anthony argued that "[e]ven if this Court did have personal jurisdiction over the Respondent in this case, Respondent is not a necessary party to this action."

Following a hearing on Mr. Green's motions, the trial court found that Mr. Anthony was not a proper or feasible party to join in the 2013 action. Based on this finding, the court denied the motion for joinder and dismissed the show cause motion as moot. The court's reasoning, as set forth in its order entered February 20, 2024, reads, in pertinent part:

> The crux of the dispute arises from a "Consent Agreement and Order" entered between the plaintiff and the original defendant, Michael John May, on August 5, 2013, over ten (10) years ago. In that "Consent Agreement and Order" the plaintiff was awarded a money judgment against the original defendant and the parties agreed to certain obligations of defendant regarding a boundary line/easement, which agreement bound "the parties, their heirs, successors and assigns."
>
> Mr. Daniel Anthony is a successor-in-title to the property once owned by defendant, Michael May, and allegedly bound by the terms of the "Consent

Agreement and Order." Plaintiff now seeks to join Mr. Anthony into this lawsuit, which was resolved by agreement over ten (10) years ago.

Rule 19 of the *Tennessee Rules of Civil Procedure* governs when a party can or should be joined as a party. The Rule is entitled "Joinder of Persons Needed for Just Adjudication." Rule 19.01 covers when and under what circumstances a person shall be joined as a party. Neither subsection (1) or (2) apply to the circumstances in this case. Rule 19.02 governs when a joinder of a party is not feasible.

The Court specifically finds that the joinder of Mr. Anthony is not necessary or feasible in this case. The plaintiff has already obtained a judgment in this case against the original defendant. Nonjoinder will not affect the plaintiff or any potential remedy he has against Mr. Anthony in a separate proceeding.

Therefore, plaintiff's Motion for Joinder of Mr. Daniel Anthony as a party defendant to this litigation is DENIED. Likewise, since Mr. Daniel Anthony is not a party, plaintiff's Motion for an Order to Show Cause and/or to hold Mr. Anthony in contempt is considered to be moot and DISMISSED.

This appeal followed.

**ISSUES**

Mr. Green raises numerous issues on appeal.[1] We, however, have determined that the dispositive issue is whether the trial court erred in denying the motion for joinder and

---

[1] The issues raised by Mr. Green read as follows:

1. Must every decision thereafter honor the explicit terms of the duly registered "Consent Agreement and Order" entered in this matter?
2. Does the 20 February 2024 dismissal order have the practical effect of 'demoting' to a mere contract the 2013 solemn permanent injunction of the Circuit Court? Does withholding of the speedy contempt powers which were explicitly promised by the 2013 consent decree have the same effect as modifying that consent decree without the required permission of the parties? Must the consent judgment be construed in a manner that preserves the position for which the parties bargained?
3. Is successor-in-title Daniel Anthony [hereafter 'Anthony'], by that promptly registered consent decree, both obligated to perform and bound to obey? Did the trial court err in dismissing Green's motion for an order to show cause? Based upon the evidence before the court and the provisions of the decree, should the trial court have issued an order to show cause?
4. In the context of this consent decree and these adversaries, is joinder a genuine issue? If so, might not the naming of successor-in-title Anthony solely for judgment-enforcement purposes pursuant to Rule 25.03 (as federal courts have done) scrupulously reconcile all competing legal principles and concerns?

dismissing the motion to show cause as moot after finding that Mr. Anthony was not an indispensable party to the prior action, in which a final judgment had been entered years ago.

For his part, Mr. Anthony asks this court to award him the attorney's fees and expenses he incurred in defending this appeal, contending that the appeal is frivolous.

## ANALYSIS

### I. INDISPENSABLE PARTY

Because the trial court ruled as a matter of law that Mr. Anthony was not a proper or feasible party, and thus, not an indispensable party, the standard of review is de novo with no presumption of correctness. *See McNabb v. Highways, Inc.*, 98 S.W.3d 649, 652 (Tenn. 2003) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997));[2] *see also* 24 Monique C.M. Leahy, *Tennessee Practice Series Summary Judgment and Related Termination Motions* § 6:82 (August 2024 Update) ("Determination that a party is indispensable . . . represents a legal conclusion reached after balancing the prescribed factors and review is de novo.").

Tennessee Rule of Civil Procedure 19 "is designed to protect the interests of absent persons as well as those already before the court from multiple litigation and inconsistent judicial determinations." *Citizens Real Estate & Loan Co., Inc. v. Mountain States Dev. Corp.*, 633 S.W.2d 763, 766 (Tenn. Ct. App. 1981) (citing 7 Wright and Miller, Federal Practice and Procedure, § 1602, p. 20). "The mandate in Rule 19 to join indispensable parties 'appears absolute and inflexible,' and applies to both trial courts and appellate courts." *Danelz v. Gayden*, No. W2010-02308-COA-R3-JV, 2011 WL 2567742, at *8 (Tenn. Ct. App. June 29, 2011) (quoting *Baker v. Foster*, No. W2009-00214-COA-R3-CV, 2010 WL 174773, at *4 (Tenn. Ct. App. Jan. 20, 2010)).

The fatal defect in Mr. Green's contentions is that there is no active or open civil action for Mr. Anthony to join or be joined as a party. The final judgment in the underlying civil action, which was between Mr. Green and Mr. May, was entered in 2013 from which no appeal was taken. Thus, the 2013 judgment constitutes a final, non-appealable judgment and the case is closed. Simply put, the 2013 action is no longer an active case.

---

[2] In *McNabb*, the appellant relied on Tennessee Rule of Civil Procedure 12.02(7) in arguing that "the Court of Appeals should have applied the 'abuse of discretion' standard of review which is applicable to a dismissal based on a plaintiff's failure to join an indispensable party." However, the Supreme Court concluded that "the Court of Appeals correctly applied the standard of review applicable to a question of law presented in a motion for summary judgment, i.e., de novo without a presumption of correctness." *McNabb*, 98 S.W.3d at 651–52.

Moreover, Mr. Green failed to commence a new civil action in which to join Mr. Anthony. Generally, civil actions in circuit court are commenced by filing a complaint with the clerk of the circuit court, regardless of whether process has been issued, served, or returned. *See* Tenn. R. Civ. P. 3; *see also Tate v. Shelby Cnty. Bd. of Educ.*, No. W2020-01639-COA-R3-CV, 2022 WL 894751, at *4 (Tenn. Ct. App. Mar. 25, 2022). Further, a plaintiff is required to prepare and file with the clerk of the court a summons for service of process on each defendant as stated in Tennessee Rule of Civil Procedure 4, which rule also provides the requirements necessary to effect proper service of process.[3] *See* Tenn. R. Civ. P. 4. Mr. Green did neither.[4] Consequently, there is no current, viable action in which Mr. Anthony could join or be forced to join.

Accordingly, we affirm the trial court in all respects.

## II. ATTORNEY'S FEES ON APPEAL

Mr. Anthony seeks to recover the reasonable and necessary attorney's fees and expenses he incurred in defending this appeal, contending that the appeal is frivolous. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

Tennessee Code Annotated § 27-1-122 addresses the damages available for a frivolous appeal, stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

---

[3] Tennessee Rule of Civil Procedure 4 is a means by which a court acquires personal jurisdiction over a defendant. *See McNeary v. Baptist Mem'l Hosp.*, 360 S.W.3d 429, 436 (Tenn. Ct. App. 2011) ("A court acquires personal jurisdiction over a defendant when the defendant is served with process.") (citations omitted). "The Tennessee Rules of Civil Procedure authorize dismissal of all or part of a complaint based upon the defenses of lack of jurisdiction over the parties, insufficiency of process, and insufficiency of service of process." *Id.* at 436 (citing Tenn. R. Civ. P. 12.02(2), 12.02(4), and 12.02(5)).

[4] "We have recognized that these two rules should be read together." *Tate*, 2022 WL 894751, at *3 (citing *McNeary*, 360 S.W.3d at 437). Furthermore, we have explained that "the term 'process' in Rule 3 refers to a summons, and the word 'summons' in Rule 4 is the process in Rule 3." *Id.* (quoting *Richards v. Newby*, Shelby Law No. 20, 23583, 1991 WL 163541, at *3 (Tenn. Ct. App. Aug. 27, 1991)).

A successful party should not be forced to bear the costs and vexation of a baseless appeal, nor should appellate courts be saddled with such appeals. *See Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). However, the courts must take care not to discourage legitimate appeals and should only impose a penalty pursuant to Tennessee Code Annotated § 27-1-122 in rare and obvious cases of frivolity. *Id.* Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court. *Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003) (citing *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985)).

Because the underlying case between Mr. Green and Mr. May concluded years ago, and there is no pending civil action in which to force Mr. Anthony to join, we find Mr. Green's appeal devoid of merit because there is no prospect that his appeal can succeed. Accordingly, we find Mr. Green's appeal to be frivolous. *See Morton v. Morton*, 182 S.W.3d at 838. Finding that Mr. Anthony is entitled to recover his reasonable and necessary attorney's fees and expenses incurred in defending this frivolous appeal, we remand this case to the trial court to make the appropriate award.

## CONCLUSION

For the reasons stated above, we affirm the trial court in all respects and remand this case to the trial court for further proceedings consistent with this opinion. The costs on appeal are assessed against the appellant, Bobby MacBryan Green.

_____
FRANK G. CLEMENT JR., P.J., M.S.